IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RALPH ERVIN CRUTCHFIELD,**                                                          **PETITIONER**
**ADC #131669**

**V.**                   **CASE NO. 5:19-CV-348-KGB-BD**

**DEXTER PAYNE Director,**
**Arkansas Division of Correction[1]**                                                **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Mr. Crutchfield may file written objections with the Clerk of Court within 14 days after the date of this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

If he does not file objections to the Recommendation, Mr. Crutchfield may waive the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.   Jurisdiction

In 2004, Petitioner Ralph Crutchfield, an inmate in the Arkansas Department of Correction, was convicted by a Pulaski County, Arkansas jury of aggravated robbery and commission of a felony with a firearm. See *Crutchfield v. Hobbs*, No. 5:14-CV148-KGB-

---

[1] The Office of the Arkansas Department of Correction has been renamed the Arkansas Division of Correction. See ARK. CODE ANN. § 25-43-402(a)((5) (Supp. 2019); FED. R. CIV. P. 25(d). Accordingly, the Clerk is directed to update the docket sheet to reflect Director Payne's correct title.

BD (E.D. Ark.); see also *Crutchfield v. Hobbs*, 2014 WL 6871010, *2 (Dec. 3, 2014). He was sentenced to 300 months' imprisonment. *Id*. Having signed a waiver of appeal, Mr. Crutchfield did not appeal his conviction and sentence. *Crutchfield*, No. 5:14-CV148-KGB-BD (#5-3).

On April 22, 2014, Mr. Crutchfield filed his first federal petition for a writ of habeas corpus under 28 U.S.C. §2254. *Id*. Judge Kristine Baker adopted this Court's recommendation that the petition be denied on December 3, 2014. *Id*. (#11, #12) Judge Baker also denied Mr. Crutchfield a certificate of appealability, and he did not attempt to appeal. *Id*. (#11, #15).

Mr. Crutchfield has now filed a second petition for habeas corpus relief. (#1) The district court lacks jurisdiction to consider the merits of this petition because Mr. Crutchfield has already challenged his conviction through an earlier federal habeas petition. His current habeas petition must be dismissed, because he did not obtain permission from the Eighth Circuit to pursue a successive petition. Before Mr. Crutchfield is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). Without such an order from the court of appeals, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2]

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading from the respondent – is appropriate where, as here, the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases. The pending petition is clearly successive.

### III.   Conclusion

The Court recommends that Judge Baker DENY and DISMISS, without prejudice, Ralph Crutchfield's petition for writ of habeas corpus (#1) for lack of jurisdiction. The Clerk is directed to treat Mr. Crutchfield's Notice of Filing (#2) as a petition to proceed *in forma pauperis* and recommends that that pending motion to proceed *in forma pauperis* (#2) be DENIED as moot. Furthermore, Judge Baker should deny a certificate of appealability.

DATED this 18th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE